**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Anthony C. Davis, Appellant.

Appellate Case No. 2019-001869

---

Appeal From Kershaw County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-242
Submitted April 1, 2022 – Filed June 8, 2022

---

**AFFIRMED**

---

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

---

**PER CURIAM:** Anthony Davis appeals his convictions for one count of trafficking cocaine, one count of trafficking crack cocaine, one count of possession with intent to distribute cocaine within proximity of a school or park, and one

count of possession with intent to distribute crack cocaine within proximity of a school or park, and his four concurrent sentences of nine-years' imprisonment. On appeal, Davis argues the trial court erred by (1) denying his motion to suppress the narcotics and other items seized during the search of his apartment because the search warrant affidavit contained no information establishing the confidential informant's reliability and (2) denying his *Franks v. Delaware*[1] motion because the search warrant affidavit contained a misleading statement. We affirm.

1. We hold the trial court did not err by denying Davis's motion to suppress because the unchallenged statements contained in the search warrant affidavit established a substantial basis for the magistrate to conclude probable cause existed to search Davis's apartment. *See State v. Alston*, 422 S.C. 270, 279, 811 S.E.2d 747, 751 (2018) ("On appeal from a motion to suppress on Fourth Amendment grounds, [the appellate court] applies a deferential standard of review and will reverse only if there is clear error." (quoting *Robinson v. State*, 407 S.C. 169, 180-81, 754 S.E.2d 862, 868 (2014))); *id.* ("[T]his deference does not bar [the appellate court] from conducting its own review of the record to determine whether the trial [court]'s decision [was] supported by the evidence." (quoting *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010))); *State v. Thompson*, 419 S.C. 250, 256, 797 S.E.2d 716, 719 (2017) ("In determining whether a search warrant [was] supported by probable cause, the crucial element is not whether the target of the search [was] suspected of a crime, *but whether it is reasonable to believe that the items to be seized will be found in the place to be searched*."); *id.* at 256-57, 797 S.E.2d at 719 ("[T]he judicial officer asked to issue a search warrant must make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the [supporting] affidavit, *there is a fair probability that evidence of a crime will be found in the particular place to be searched*.").

2. We hold the trial court did not err by denying Davis's *Franks* motion because Davis failed to prove the second prong of the *Franks* test—that the magistrate's probable cause finding hinged on the alleged misleading statement. *See State v. Porch*, 417 S.C. 619, 626, 790 S.E.2d 440, 444 (Ct. App. 2016) ("Entitlement to a *Franks* hearing is a matter of law subject to de novo review."); *Franks*, 438 U.S. at 171 ("There is . . . a presumption of validity with respect to the affidavit supporting [a] search warrant."); *id.* at 171-72 (providing a criminal defendant is entitled to a hearing on the veracity of the factual assertions contained within a search warrant

---

[1] 438 U.S. 154 (1978) (allowing defendants to challenge a probable cause determination in limited circumstances).

affidavit if (1) the criminal defendant makes a preliminary showing that the alleged false or misleading statement contained within the affidavit was made knowingly, intentionally, or with reckless disregard for the truth and (2) the false or misleading statement was necessary to support the finding of probable cause to conduct the search); *State v. Missouri*, 337 S.C. 548, 554, 524 S.E.2d 394, 397 (1999) (stating the criminal defendant is not entitled to a *Franks* hearing if, when the alleged false or misleading statement "is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause" (quoting *Franks*, 438 U.S. at 171-72)).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.